IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| TERENCE MOTLEY, | ) |
| Petitioner, | ) ) |
| v. | ) No. 2:17-cv-02661-TLP-tmp ) ) |
| MYRON BATTS, | ) ) |
| Respondent. | ) ) |

**ORDER DENYING PETITION UNDER 28 U.S.C. § 2241, CERTIFYING APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Petitioner Terence Motley[1] petitions for a writ of habeas corpus under to 28 U.S.C. § 2241 ("§ 2241"). (ECF No. 1.) Because courts do not recognize the issue presented here in a § 2241 petition, the Court **DENIES** the § 2241 Petition.

**PROCEDURAL HISTORY**

**I.    Petitioner's Federal Criminal Case and Collateral Challenges**

In October 2000, a federal grand jury in the Western District of Tennessee indicted Petitioner with two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) (Counts One and Two), and one count of being a felon in possession of ammunition, in violation of § 922(g) (Count Three). *United States v. Motley*, 93 Fed. Appx. 898, 900 (6th Cir. 2004). Count Three was severed before Petitioner's trial on Counts One and Two. *Id.* In 2001,

---

[1] Petitioner is a federal prisoner. The Bureau of Prisons has assigned him number 17588-076 and houses him at the Federal Correction Institution (FCI) in Memphis, Tennessee.. District Court records reflect different spellings of Petitioner's first name, including "Terrance," "Terrence," and "Terence."

a jury convicted Petitioner on Counts One and Two. *Id.*

Because he had two prior felony convictions for crimes of violence, under the United States Sentencing Guidelines ("U.S.S.G.") Petitioner's base offense level was enhanced to level 26 under § 2K2.1(a)(1)(B).,.[2] (Civ. Case No. 16-2903, ECF No. 1 at PageID 1–2.) The trial court sentenced Petitioner to 120 months imprisonment on each count, to be served consecutively, for a total 240 months incarceration. (Cr. Case No. 00-20195, ECF No. 129.) The Court ordered 140 months of the sentence to be served concurrently with Petitioner's service of a state court sentence, with the remaining 100 months to be served consecutive to his state court sentence. *Id.* Count Three was dismissed upon the government's motion at sentencing. *Id.*

Petitioner appealed to the Sixth Circuit , challenging 1) the sufficiency of the evidence supporting his convictions; 2) the propriety of the Court's denial of his motions to suppress; 3) the government's use of a prior conviction for impeachment purposes; and 4) the Court's enhancement of his offense level, under U.S.S.G. § 2K2.1(b)(5), for using a firearm as part of another felony offense. *Motley*, 93 Fed. Appx. at 900–03. The Court of Appeals affirmed Petitioner's convictions and sentences. *Id.* at 903.

In early 2005, Petitioner moved for habeas relief  pro se under to 28 U.S.C. § 2255 ("§ 2255 Motion"). (*See* Civ. No. 05-2239, ECF No. 1.) In March 2007, the Court denied that motion, denied a certificate of appealability, certified that an appeal would not be taken in good faith, and denied leave to proceed in forma pauperis on appeal. (*Id.* at ECF No. 4.) The Court then entered Judgment. (*Id.* at ECF No. 5.) Petitioner did not seek a certificate of appealability from the Sixth Circuit. (*See* Civ. Case No. 05-2239.)

---

[2] A "crime of violence" for purposes of § 2K2.1(a)(1)(B) is defined by § 4B1.2(a). U.S.S.G. § 2K2.1, cmt. n. 1. (*See* Civ. Case No. 16-2903, ECF No. 1.) Petitioner's predicate convictions were for (a) Tennessee aggravated assault and (b) Tennessee aggravated burglary. *Id.*

2

In early 2015, Petitioner petitioned pro se under § 2241. (*See* Civ. No. 15-2128, ECF No. 1.) The Court denied his § 2241 Petition because Petitioner could not challenge his sentence under § 2241 as he had not proved actual innocence under the savings clause of 28 U.S.C § 2255(e). (*Id.*, ECF No. 13 at PageID 76-77.) Petitioner appealed. (*Id.*, ECF No. 15.)

Later, the Sixth Circuit affirmed the dismissal of the § 2241 Petition, noting that Petitioner raised new arguments that he had not presented in the district court. (*Id.*, ECF No. 21.) Those arguments included the argument he raises now in the present § 2241 Petition (No. 17-2661) that his Tennessee aggravated burglary conviction no longer qualifies as a crime of violence. (Civ. No. 15-2128, ECF No. 21 at PageID 96–97.) The Sixth Circuit refused to consider that argument. (*Id.* at PageID 97.) The court held that Petitioner cannot rely on *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), because *Hill* applied only to career-offender sentences and that was not the basis of Petitioner's § 2241 Petition before the district court. (Civ. No. 15-2128, ECF No. 21 at PageID 97.) The Sixth Circuit affirmed the dismissal of his petition. *Id.*

Petitioner then moved in the Sixth Circuit for an order authorizing a second or successive § 2255 motion to seek relief under *Johnson v. United States*, 576 U.S. 591 (2015). (*See* Civ. No. 16-2903, ECF No. 1.) The Sixth Circuit then granted Petitioner's motion considering the then-pending en banc rehearing in *United States v. Stitt*, 830 F.3d 854 (6th Cir. 2017).[3] (*Id.* at PageID 3.) The Sixth Circuit transferred the case to this Court.

In August 2017, the Sixth Circuit held that the statute of limitations bars § 2255 Motions seeking to apply *Johnson* to pre-*Booker* sentences (like Petitioner's). *Raybon v. United States*, 867 F.3d 625, 630–31 (6th Cir. 2017). And so, the Court denied Petitioner's second § 2255

---

[3] On June 27, 2017, the Sixth Circuit held that Tennessee's aggravated burglary statute does not qualify as a predicate offense under the ACCA. (*Id.*)

3

Motion based on the decisions in *Beckles* and *Raybon*.[4]  (*See* Civ. No. 16-2903, ECF No. 9.)

## II.     This § 2241 Petition

Petitioner contends that he is factually innocent of being sentenced as a "career offender" in violation of his due process rights under the Fifth Amendment.  (Civ. No. 17-2661, ECF No. 1 at PageID 4, 15.)  He claims that the trial court sentenced him as a "career offender" under the mandatory guidelines, but now his Tennessee conviction for aggravated burglary under Tenn. Code Ann. § 39-14-403, no longer qualifies as an enumerated violent felony.  (*Id.* at PageID 5.)

Also Petitioner relies on *Hill*, asserting that he can bring a successive habeas petition under § 2241 where the remedy under § 2255 would be inadequate or ineffective.  (*Id.* at PageID 10.)  He then relies on *Mathis v. United States*, 136 S. Ct. 2243 (2016), as a new statutory interpretation which clarifies that the modified categorical approach applies to a statute that sets forth alternate ways to commit a single crime.  (*Id.*)  He claims that *Mathis* is retroactive and could not have been invoked in his initial § 2255 Motion.  (*Id.* at PageID 11–12.)  Petitioner further contends that the Sixth Circuit held in *Stitt* that a conviction for Tennessee aggravated burglary is not a felony under the Armed Career Criminal Act.[5]  (*Id.* at PageID 11.)  Petitioner alleges that his statutory maximum was 120 months in prison and that he is entitled to immediate release.  (*Id.* at PageID 9, 15–16.)

## ANALYSIS OF PETITIONER'S CLAIM

## I.      The Standard for § 2241 Petitions

---

[4] Petitioner tried to raise claims unrelated to his *Johnson* claim to the Sixth Circuit for further proceedings.  The order of dismissal transferred all non-*Johnson* claims to the Sixth Circuit for further proceedings.  (*Id.* at PageID 114)

[5] As explained below, the Supreme Court reversed the 6th Circuit in *Stitt*.

This Court may issue a writ of habeas corpus under 28 U.S.C. § 2241(c)(3) when a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." Federal prisoners may obtain habeas corpus relief under 28 U.S.C. § 2241 only under limited circumstances. The "savings clause" in § 2255 provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

"Construing this language, courts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241." *Charles v. Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999) (per curiam) (citations omitted); *see also United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) ("Section 2255 is the primary avenue for relief for federal prisoners protesting the legality of their sentence, while § 2241 is appropriate for claims challenging the execution or manner in which the sentence is served."). In this case, Petitioner is attacking the *imposition* of his sentence. For that reason, habeas relief is not available to him unless relief under § 2255 is inadequate or ineffective. Petitioner has the burden of proving that the § 2255 savings clause applies. *Charles*, 180 F.3d at 756.

"The circumstances in which § 2255 is inadequate and ineffective are narrow . . . ." *Peterman*, 249 F.3d at 461. "[T]he § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner is procedurally

5

barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate." *Charles*, 180 F.3d at 756 (citations omitted).

A prisoner can obtain relief under § 2241 only if he is "actually innocent" of the crime of which he has been convicted. *Martin v. Perez*, 319 F.3d 799, 804–05 (6th Cir. 2003); *see also Charles*, 180 F.3d at 757 (explaining that no circuit court has yet allowed a post-AEDPA petitioner not making a claim of actual innocence to use § 2241 (through § 2225's saving clause) to overcome § 2225's restrictions on filing second or successive habeas petitions). "Actual innocence means factual innocence," not just legal insufficiency. *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003) (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Until recently, "[c]laims alleging 'actual innocence' of a sentencing enhancement [could not] be raised under § 2241." *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012).

In *Hill*, 836 F.3d at 595, the Sixth Circuit held that inmates can challenge their sentences under § 2241 if they can show "(1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice." The third requirement is satisfied where

> (1) prisoners . . . are sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 (2005), (2) . . . are foreclosed from filing a successive petition under § 2255, and (3) . . . a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement.

*Id.* at 599–600 (parallel citations omitted).

Showing that the inmate had no previous opportunity to present his claim is crucial:

> So in this circuit, a federal prisoner who has already filed a § 2255 motion and cannot file another one cannot access § 2241 *just* because a new Supreme Court case hints his conviction or sentence may be defective. Rather, the prisoner must *also* show that binding adverse precedent (or some greater obstacle) left him

6

> with no reasonable opportunity to make his argument any earlier, either when he was convicted and appealed or later when he filed a motion for postconviction relief under section 2255. Otherwise, § 2255 is simply not inadequate or ineffective to test his claim. And nothing in this court's later precedents gainsays this principle.

*Wright v. Spaulding*, 939 F.3d 695, 703 (6th Cir. 2019) (internal quotation marks, brackets, citation, and footnote omitted); *see also id.* at 705 ("[A] federal prisoner cannot bring a claim of actual innocence in a § 2241 petition through the saving clause without showing that he had no prior reasonable opportunity to bring his argument for relief.").

In 2020, the Sixth Circuit again limited the § 2241 remedy, holding that, "[i]n addition to whatever else our reasonable-opportunity standard demands, it requires a Supreme Court decision that adopts a new interpretation of a statute after the completion of the initial § 2255 proceedings." *Hueso v. Barnhart*, 948 F.3d 324, 333 (6th Cir. 2020). Thus, the court cannot provide the remedy when a prisoner claims that he is actually innocent of his sentence because of a circuit court decision. *Id.* at 326, 332, 335, 339.

**II.   Analysis**

Petitioner has no right to relief on his § 2241 Petition. The instant petition challenges the imposition of Petitioner's sentence, not its execution. *See Romo v. Ormond*, No. 17-6137, 2018 WL 4710046, at *2 (6th Cir. Sept. 13, 2018) ("the proper manner for pursuing his claim is a § 2255 motion"). Petitioner presents no argument that he is actually innocent of being a felon in possession. Instead, he challenges the trial court's enhancement of his base offense level under U.S.S.G. § 2K2.1(a)(1)(B) and its imposition of consecutive ten-year sentence for the two counts of conviction.

Petitioner makes flawed arguments. Petitioner possessed two firearms on two different dates and was convicted of two violations of 18 U.S.C. § 922(g). Each conviction carried a

7

statutory maximum sentence of ten years in prison. The statutory maximum applicable to Petitioner was twenty years in prison, and he was properly sentenced. Moreover, the trial court did not sentence Petitioner as a career offender under U.S.S.G. § 4B1.1 or as an armed career criminal under 18 U.S.C. § 924(e)(1). At sentencing, the trial court found his offense level was level 26 under U.S.S.G. § 2K2.1(a) because he had two prior felony crimes of violence as defined by U.S.S.G. § 4B1.2(a). This decision remains proper because in *Beckles v. United States*, the Supreme Court held that the decision in *Johnson* did not apply to the identically worded residual definition of "crime of violence" in U.S.S.G. § 4B1.2(a) because the advisory "[g]uidelines are not amenable to a vagueness challenge." 137 S. Ct. 885, 894 (2017).

Petitioner cannot show that his remedy under 28 U.S.C. § 2255 was inadequate or ineffective. He has appealed two § 2255 motions and an earlier § 2241 Petition. He raised the same argument based on *Stitt* in his second § 2255 Motion.[6] (*See* Civ. No. 16-2903, ECF No. 2 at PageID 13.) What is more, the Sixth Circuit's decision in *Mathis* did not announce a new rule of constitutional law and has not been made retroactive by the Supreme Court. *In re Conzelmann*, 872 F.3d 375, 377 (6th Cir. 2017). Plus *Hill* does not permit § 2241 relief for a claim that a prisoner is actually innocent of a sentencing enhancement because of a circuit court decision. *See supra* p. 7. As a result, law cuts against Petitioner at every turn here. This Court

---

[6]Although the Sixth Circuit held that "a conviction under the [Tennessee aggravated burglary] statute does not qualify as an ACCA predicate offense" *Stitt*, 860 F.3d at 857, the United States Supreme Court reversed the Sixth Circuit's decision in *Stitt*. *United States v. Stitt*, 139 S. Ct. 399 (2018). Later, the Sixth Circuit held that Tennessee convictions for aggravated burglary qualify as "violent felonies" under the enumerated offenses clause of the definition of violent felony in the ACCA. *Brumbach v. United States*, 929 F.3d 791, 794–795 (6th Cir. 2019), *cert. denied* (U.S. Jan. 27, 2020); *see United States v. Crutchfield*, 785 F. App'x 321 (6th Cir. 2019), *cert. pet. docketed Crutchfield v. United States*, No. 19-7313 (U.S. Jan. 15, 2020).

therefore **DISMISSES WITH PREJUDICE** the § 2241 Petition.  The court will enter Judgment for Respondent.

## APPELLATE ISSUES

Federal prisoners who file petitions under 28 U.S.C. § 2241 challenging their federal custody need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1).  *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004); *Melton v. Hemingway*, 40 F. App'x 44, 45 (6th Cir. 2002).

A habeas petitioner seeking to appeal must pay the $505 filing fee required by 28 U.S.C. §§ 1913 and 1917.  To appeal in forma pauperis in a habeas case under 28 U.S.C. § 2241, the petitioner must obtain pauper status under Fed. R. App. P. 24(a).  *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).  Rule 24(a) provides that a party seeking pauper status on appeal must first move in the district court, along with a supporting affidavit.  Fed. R. App. P. 24(a)(1).  Even so, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the petitioner must move to proceed in forma pauperis in the appellate court.  *See* Fed. R. App. P. 24(a)(4)–(5).

Here, because Petitioner is not entitled to relief, the Court determines that any appeal would not be taken in good faith.  The Court therefore **CERTIFIES**, under Fed. R. App. P. 24(a), that any appeal here would not be taken in good faith.  The Court **DENIES** leave to appeal in forma pauperis.[7]

**SO ORDERED**, this 2nd day of September, 2020.

    s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE

---

[7] If Petitioner files a notice of appeal, he must also pay the full $505 appellate filing fee or move to proceed in forma pauperis and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within 30 days.